WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br>v.<br><br>Francisco Geronimo Santos-Serrano,<br><br>        Defendant. | CR 04-140 TUC DCB<br><br>**ORDER** |

## BOOKER AND AMELINE: RESENTENCING

The Court finds that had the Sentencing Guidelines been advisory at the time of Defendant's sentencing, it would not have imposed a materially different sentence than the one imposed on October 19, 2004. Resentencing is denied.

Procedural Overview of Sentence:

The Court sentenced Defendant Francisco Geronimo Santos-Serrano on October 19, 2004, to 37 months in the Bureau of Prisons, 3 years supervised release, and a $200 fine, for violating 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii) and 846, conspiracy to possess with intent to distribute marijuana, and violating 21 U.S.C. § 841(a)(1), (b)(1)(B)(vii), possession with intent to distribute. The guideline range established in the Presentence Report was 37 to 46 months, based on a Total Offense Level 21 and Criminal History Category I. (Presentence Report at 13.) The Court imposed a sentence at the low end of the guideline range.

The Defendant appealed the sentence on October 21, 2004. On April 14, 2006, the Ninth Circuit Court of Appeals issued a Memorandum Decision and entered Judgment remanding the case and directing this Court to consider the Defendant's sentence in light of

*United States v. Booker*, 125 S. Ct. 738 (1005) and *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc), and to *see also*: *United States v. Moreno-Hernandez*, 2005 WL 1560269 (9th Cir. July 5, 2005).

The remand did not identify any constitutional infirmity in the Court's calculation of the guideline range applicable for Defendant's sentence, which this Court made after careful consideration of the Presentence Report and a full hearing at the time of sentencing. Accordingly, the Court selected the applicable sentencing guideline range at the time of Defendant's sentencing on October 19, 2004. The Court does not need to revisit this calculation on remand.

Subsequent to remand, on April 27, 2006, the Court called for full briefing of 18 U.S.C. § 3553(a) sentencing factors, which pre-*Booker* were largely overshadowed by now excised § 3553(b), which mandated that judges select a sentence within the applicable guideline range unless the statutory standard for a departure was met. The parties have filed their resentencing briefs.

<u>Defendant's Argument for Resentencing:</u>

Defendant argues that a lesser sentence is warranted because Defendant's offense conduct was in the nature of a "mule" paid to carry marijuana into the Unites States, and as such he was a less culpable participant in the drug conspiracy. Defendant argues that as a backpacker of the marijuana he would have received a typical sentence of one year and one day, except "that he became ill and got in the vehicle transporting the marijuana to Tucson." (Breif at 6-7.) Defendant asserts that he was only in the vehicle because he needed to seek medical attention in Tucson.

Defendant argues that the public's interest in a just sentencing scheme, requires this Court to address sentencing disparities between similarly situated defendants to ensure all defendants are treated equally according to the severity of their crimes. Accordingly, he should be sentenced as a typical backpacker and not the same as if he was driving a vehicle

loaded with marijuana to a distribution warehouse. Defendant argues that nothing in his criminal history nor the nature of his crime indicates that he will re-offend and that this crime was a desperate and irresponsible attempt to secure economic resources for his family and was out of character. The Court should, therefore, resentence him as a minor or minimal participant to a lesser sentence than it previously imposed.

The sentence imposed by the Court on October 19, 2004, considered the Defendant's argument that he was a mere backpacker of the drugs found in the vehicle, in which he was a passenger, when it was stopped and 14 bundles of marijuana, totaling a weight of 255.7 pounds, were seized on December 24, 2003. The Court imposed the sentence based on Defendant being an average participant in the offense. The Court rejected the Defendant's assertion that he was a minor or minimal participant in this drug conspiracy and not an average participant. As noted in the Presentence Report addressing this very objection, the case reports did not include any information or statements showing the defendant complained of a medical condition, or that he required or requested medical attention, at the time of his arrest. (Presentence Report at 15.)

The Presentence report also recorded that the co-defendant in the case, Richard Puffer, told DEA agents that when he arrived at the location where he was supposed to pick up the load of marijuana, seven males, including Defendant Santos-Cerrano, loaded the bundles into the van, and Defendant Santos-Cerrano entered the van and told him to drive the marijuana to an unknown location in Tucson. (Presentence Report at 3-4.) The Presentence Report for co-defendant Puffer, continued: "On the way, Santos-Serrano planned to make a phone call to get specific directions to the drop-off location." (Puffer Presentence Report at 4.) Accordingly, Defendant was not entitled to a base offense four-level reduction for a minimal role, with a sentencing range of 24 to 30 months, nor a two-level reduction for a minor participant, with a sentencing range of 30 to 37 months.

3

The co-defendant entered into a plea agreement, which dismissed count 1, and stipulated to a sentencing range of 30 to 37 months. The Court, however, imposed a sentence of 41 months in co-defendant Puffer's case because he failed to appear at his sentencing, which warranted an enhancement for obstruction of justice and no reduction for acceptance of responsibility. The Court notes that the Defendant's sentence of 37 months was fair in comparison to the stipulated sentencing range for the co-defendant, prior to the obstruction of justice enhancement. Co-defendant Puffer was also considered an average participant in the offense.

Under the now advisory guideline scheme this Court may consider all relevant facts and circumstances to determine a defendant's sentence, regardless of whether those facts or circumstances are found by a jury or admitted by a defendant. *See Ameline*, 409 F.3d at 1077-78 ("A constitutional infirmity arises only when extra-verdict findings are made in a mandatory guidelines system.")

Conclusion:

The 37 month sentence imposed by the Court falls within the sentencing guideline range for the offense. In addition to considering the applicable guideline sentence in this case, the Court also considers the sentencing factors in § 3553(a), especially the need to avoid unwarranted sentencing disparities. The Court finds that the sentence it imposed was sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of subsection 18 U.S.C. § 3553(a). Specifically, it reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense; affords adequate deterrence to criminal conduct, and protects the public from further crimes of the defendant. The Court finds that, considering the applicable guideline range calculation as advisory, it

/////

would not have imposed a materially different sentence than the one imposed on October 19, 2004. This remains the Defendant's sentence. There is no reason to resentence the Defendant.

**Accordingly,**

**IT IS ORDERED** that the sentence, reflected in the Judgment and Commitment issued on October 19, 2004, remains the sentence in this case.

**IT IS FURTHER ORDERED** that resentencing having been denied by this Court, pursuant to the limited remand provisions set forth in *Ameline*, this Order is final and appealable.

DATED this 17th day of July, 2006.

David C. Bury
United States District Judge